UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ATKIN BROWN, JR.,

      Plaintiff,

v.                                 CASE No. 8:12-CV-1631-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,
      Defendant.

_____

## O R D E R

      The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2]  The plaintiff has shown that the Appeals Council erred when, following the submission of new and material evidence, it denied further review.  Accordingly, the decision of the Commissioner of Social Security will be reversed and the matter remanded for further consideration.

_____

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action.  See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has a high school education, has worked previously as a roofer, furniture repairer, order puller, and scaffold erector (Tr. 55-57, 71). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to back, neck, and knee problems (Tr. 184). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the knees, glaucoma, benign prostatis and abnormal liver function" (Tr. 34). She concluded that these impairments limited the plaintiff to a restricted range of light work (Tr. 35). Specifically, she found (id.):

> The claimant can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight-hour workday and stand or walk for two hours in an eight-hour workday. The claimant is to avoid climbing of ladders, scaffolds

> or ropes. He can occasionally climb stairs and ramps, balance and stoop, but should avoid crouching, kneeling and crawling. He is to avoid work around dangerous moving machinery or unprotected heights or in concentrated humidity or cold or vibration.

The law judge determined that these restrictions prevented the plaintiff from returning to past work (Tr. 40). However, based upon the testimony of a vocational expert, the law judge ruled that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as ticket seller, assembler, and photo finisher (Tr. 41). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 42).

The plaintiff requested review of that determination and submitted new evidence to the Appeals Council regarding his back, neck, and leg problems (Tr. 767-74). The Appeals Council denied his request for review, stating only that the information does not provide a basis for changing the law judge's decision (Tr. 1-3). The Appeals Council therefore let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on the grounds that the law judge failed to give proper weight to the opinion of treating physician Dr. Victoria O. Menold, and that the law judge erroneously discounted his credibility (Doc. 12). Additionally, the plaintiff argues that the Appeals Council erred when, following the submission of new and material evidence, it denied further review (id.). This latter contention warrants reversal and, therefore, it is addressed first.

As of the law judge's decision on September 24, 2010, the plaintiff's treating physician, Dr. Shirly Moonjeli, had pertinently diagnosed the plaintiff with back and right leg pain, and noted that the MRI of the plaintiff's lumbar spine was abnormal (Tr. 346). Specifically, a 2006 MRI of the plaintiff's lumbar spine showed "desiccation of two lower lumbar discs" and at "L4-L5 a disc protrusion which is producing stenosis of the right neural foramina which is quite severe" (Tr. 372). Further, "[a]t L5-S1 there is a small disc protrusion which is producing stenosis...." (id.). A 2009 MRI showed that the plaintiff's disc disease had progressed, as it additionally reflected compression of the exiting nerve roots at the L3/4 and L4/5 levels

(Tr. 279-80). Additionally, an MRI of the cervical spine in 2009 showed moderate degenerative changes at C5/6 and C6/7 (Tr. 281).

In March 2010, the plaintiff's attorney requested Dr. Moonjeli to sign a letter affirming her agreement with the statement that the plaintiff is "totally disabled without consideration of any past or present drug and/or alcohol abuse" (Tr. 559). Dr. Moonjeli stated that she was "not able to sign the statement as it is. On his f/u [follow up], if he could bring the papers, I shall give a s[t]atement that I feel appropriate upon review of our records here" (id.). In September 2010, Dr. Moonjeli sent the plaintiff's attorney correspondence stating that she could not certify that he is totally disabled per the statement sent to her because she is not trained to do disability evaluation, but opined that the plaintiff suffers from chronic back pain that is not caused by drug/alcohol abuse, and that the plaintiff has other medical problems which could also affect his daily activities or functions (Tr. 624-25).

Significantly, the law judge stated that he gave some weight to this opinion from Dr. Moonjeli who, according to the law judge, "found no basis for finding the claimant to be disabled" (Tr. 40). That is not a fair interpretation of Dr. Moonjeli's statement. She simply stated that she did not

feel qualified to make a disability evaluation and that the plaintiff needed to go through the Social Security disability process to decide his disability (Tr. 625). That is plainly not the same as saying that she "found no basis for finding the claimant to be disabled."

In February 2012, plaintiff's counsel sent to the Appeals Council for its consideration a Multiple Impairment Questionnaire dated February 6, 2012, that was completed by Dr. Moonjeli ("Questionnaire") (Tr. 767-74). The Questionnaire was several pages in length and Dr. Moonjeli, apparently giving careful thought to each question, declined to answer those questions that she was "unable to assess in [an] office setting," such as how many hours the plaintiff could sit and stand/walk in a workday (Tr. 769). Furthermore, Dr. Moonjeli specified which of her responses were based on the plaintiff's input, versus her clinical experience (see, e.g., Tr. 773).

Dr. Moonjeli stated in the Questionnaire that she began treating the plaintiff on June 23, 2009, and diagnosed him with chronic pain in his back, right leg, and feet (Tr. 767). She elaborated that the plaintiff suffers from lower back pain that radiates to his right leg, pain in his neck and feet, occasional numbness in his fingers and right hand, and fatigue (Tr. 768). Dr.

Moonjeli opined that the plaintiff's symptoms and limitations are reasonably consistent with his impairments and, from a clinical perspective, the plaintiff does not appear to be a malinger (id., Tr. 772).

Dr. Moonjeli added that "walking, sitting for a while, [and] climbing steps" increases the pain, and the plaintiff will need to take unscheduled breaks to rest at unpredictable intervals (Tr. 769, 772). Further, she opines that, between good and bad days, his impairments are likely to produce "mostly bad days" (Tr. 773). Dr. Moonjeli also stated that, based on her clinical experience, she did not believe the plaintiff could do a full-time competitive job that requires activity on a sustained basis (Tr. 772). She related these impairments back to the plaintiff's 1999 motor vehicle accident (Tr. 773).

Dr. Moonjeli cited as support for her opinion the abnormal MRIs of the plaintiff's lumbar and cervical spine (Tr. 768) and clinical findings that the plaintiff "[a]mbulates slowly with cane, right straight leg raising positive at 60-90 degrees; difficulty to sit for a while during the encounter, he has to stand up on & off. Tender B/L feet/ankles [and] callouses. Range of motion low back limited" (Tr. 767).

The plaintiff contends that, in light of this new evidence, the Appeals Council should have granted review of the law judge's decision (Doc. 12, pp. 16-18).[3] The Appeals Council stated that it had considered this additional evidence (Tr. 1-4). However, it "found that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 2). It gave no further explanation for denying review.

A regulation concerning review of disability benefit claims by the Appeals Council states, in pertinent part (20 C.F.R. 404.970(b)):

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

A similar regulation concerning review by the Appeals Council of supplemental security income claims also states that the Appeals Council will

---

[3] The page references are to the page numbers assigned by the CM/ECF system.

"review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. 416.1470(b).

The Eleventh Circuit in Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007), reassessed the law of the Eleventh Circuit concerning the affect of new evidence submitted first to the Appeals Council. In my view Ingram is properly read to hold that, "when the Appeals Council considers new evidence and denies review, the district court (assuming the issue has been raised) should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence." Tucker v. Astrue, 2008 WL 2811170 at *9 (M.D. Fla. 2008).

Accordingly, the additional evidence in this case will be considered to determine whether, in violation of 20 C.F.R. 404.970(b) and 416.1470(b), the Appeals Council erred in concluding that the law judge's findings were not contrary to the weight of the evidence currently of record. Before this determination is undertaken, the threshold inquiry is whether the

additional evidence is new and material.  Unless both of these are shown, §404.970(b) and §416.1470(b) do not come into play.

Evidence is considered new if it is not cumulative.  Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).  Evidence is material if there is a reasonable possibility that the new evidence would change the administrative result.  Id.

The Questionnaire is clearly new and non-cumulative evidence. As indicated, the evidence before the law judge did not include Dr. Moonjeli's opinion of the plaintiff's functional work limitations that she provided in the Questionnaire.  To the contrary, as the plaintiff points out (Doc. 12, p. 16), the law judge inaccurately stated that Dr. Moonjeli "found no basis for finding the claimant to be disabled" (Tr. 40).  Dr. Moonjeli's responses in the Questionnaire show that this conclusion is incorrect.

Additionally, the Questionnaire is material.  Thus, it creates a reasonable possibility that Dr. Moonjeli's opinion of the plaintiff's functional limitations, such as that prolonged sitting exacerbates the plaintiff's condition, that the plaintiff has a need for unscheduled rest breaks at unpredictable intervals, and that the plaintiff could not do a full-time

competitive job that requires activity on a sustained basis (see Tr. 769-72), if credited by the factfinder, would change the administrative result.

The Commissioner argues that the Questionnaire is not material because it recites clinical findings largely consistent with her treatment records already considered by the administrative law judge (Doc. 13, p. 8). This argument is unpersuasive because the Questionnaire clarifies, and expands upon, Dr. Moonjeli's opinion regarding the effect of those findings upon the plaintiff's functioning. Indeed, it demonstrates that the law judge was mistaken about Dr. Moonjeli's opinion.

The Commissioner also seems to argue that Dr. Moonjeli's opinion should be disregarded because Dr. Moonjeli states that she is not trained in disability evaluation and much of her findings are "per veteran" (id.). This argument goes to the weight the Commissioner may give the opinion, not its materiality. It is also unpersuasive, as treating physicians are not necessarily trained in disability evaluation, yet a treating physician's opinion of the plaintiff's functional limitations must be considered by the law judge and may be controlling. See 20 C.F.R. 404.1527, 416.927. Moreover, although Dr. Moonjeli based some of her opinions upon the plaintiff's input

-13-

(and she has identified those responses in the Questionnaire), Dr. Moonjeli gives several opinions regarding the plaintiff's functional limitations that are based on her clinical experience (see, e.g., Tr. 772).  Only those opinions based on her clinical experience are relied upon in this Order.

The Commissioner also seems to suggest that the Questionnaire is not material because it was submitted more than one year after the law judge's decision (Doc. 13, p. 8).  However, on its face the responses appear to relate to the period after June 23, 2009, when Dr. Moonjeli first examined the plaintiff.  In all events, Dr. Moonjeli relates the symptoms back to 1999 when the plaintiff had a motor vehicle accident (Tr. 773).

For these reasons, the Questionnaire is clearly new and material evidence.

Consequently, the issue becomes whether, in light of the Questionnaire, the Appeals Council erred by denying review because, with that additional evidence, the law judge's decision was contrary to the weight of all the evidence currently on record.  It appears that, with Dr. Moonjeli's opinion that the plaintiff has greater functional limitations than determined

by the law judge, the law judge's findings are contrary to the weight of the evidence.

The record contained objective evidence of severe impairments of the cervical and lumbar spine and of the knees (Tr. 34). Thus, there were substantial lumbar and cervical spine abnormalities, in addition to clinical findings such as positive straight leg raises (Tr. 273, 346, 670), reduced range of motion (Tr. 276, 334, 346), slow ambulation with a cane (Tr. 334, 670), and pain upon prolonged sitting (Tr. 273, 276, 346).

Moreover, a prior treating physician, Dr. Menold, had opined that the plaintiff's impairments were disabling (Tr. 502-09). The law judge discounted Dr. Menold's opinion because it was purportedly given out of sympathy for the plaintiff, and it was inconsistent with the medical evidence as a whole (Tr. 39-40). Speculation about the motives of a physician is an improper basis for discounting a physician's opinion. Although Dr. Menold's extreme opinions concerning the length of time the plaintiff could sit and stand/walk in a workday, and how much he could lift, could be reasonably discounted as unsupported by the record, Dr. Menold also gave less extreme opinions of functional limitations that are consistent with Dr. Moonjeli's

opinion in the Questionnaire (Tr. 502-09). Consequently, the fact that Dr. Menold may have overstated some of the plaintiff's functional limitations does not mean that Dr. Menold's opinion should be completely disregarded when evaluating the weight of all the evidence currently of record.

The additional opinion from Dr. Moonjeli that, due to the plaintiff's medically determinable impairments, the plaintiff has pain daily that is worsened by prolonged sitting, he cannot keep his neck in a constant position, he needs to take unscheduled breaks to rest at unpredictable intervals, he has impairments that are likely to produce "mostly bad days," and the doctor's belief based on her clinical experience that he cannot do a full time competitive job that requires activity on a sustained basis (Tr. 769-73), renders the law judge's finding that the plaintiff could perform light work with some postural and environmental limitations contrary to the weight of the evidence. See Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight). Thus, this evidence indicates that, at a minimum, the plaintiff's medically determinable impairments warrant a more restrictive residual functional

capacity than found by the law judge, such as the inclusion of a sit/stand option, if it does not show that the plaintiff has functional limitations that render him incapable of maintaining substantial gainful employment.

As indicated, Dr. Moonjeli is the second treating physician to opine that the plaintiff has disabling limitations (see Tr. 502-09). The only physician to contradict these opinions is a nonexamining reviewing physician, Dr. Sharmishtha Desai (Tr. 510-17). The law judge gave some weight to Dr. Desai's opinion that the plaintiff could perform light work (Tr. 40), and additionally included in the residual functional capacity some postural and environmental restrictions (Tr. 35). However, Dr. Desai's opinion cannot outweigh the opinion of Dr. Moonjeli, a treating physician, unless Dr. Moonjeli's opinion is subsequently discounted upon further review. See, e.g., Sharfarz v. Bowen, 825 F.2d 278, 280-81 (11th Cir. 1987).

The Commissioner seems to argue that the plaintiff's comment in the Questionnaire that his symptoms are 80% relieved with medication (Tr. 769) supports the law judge's finding (Doc. 13, p. 8). However, the treatment notes show that, despite the plaintiff taking a substantial amount of pain medication (see Tr. 344), he continues to experience significant pain that,

among other limitations, precludes prolonged sitting or standing, and causes him to ambulate slowly with a cane (see Tr. 343, 346, 554, 676). Therefore, the plaintiff's vague and conclusory comment about relief from medication does not undermine Dr. Moonjeli's opinion. Moreover, the Commissioner's reference to the plaintiff's medications brings into focus the law judge's failure to address the plaintiff's testimony that his medication makes him dizzy and drowsy (Tr. 61).

Therefore, taking the new evidence from Dr. Moonjeli at face value, the finding that the plaintiff is not disabled is contrary to the weight of all the evidence. In light of this circumstance, the Appeals Council violated the regulations in denying review.

This does not mean that the plaintiff is entitled to be found disabled. Under the substantial evidence test, the Commissioner is to be affirmed even if a preponderance of the evidence weighs against the Commissioner's decision, as long as substantial evidence supports it. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The proper course for an erroneous failure to review the law judge's decision is a remand to the Commissioner so that that review can be conducted. On remand, the fact-

finder, whether it is the Appeals Council or a law judge, can evaluate all the evidence, including Dr. Moonjeli's opinion.

As indicated, the plaintiff has also argued that the law judge's decision was not based upon substantial evidence because she erroneously discounted his credibility, as well as Dr. Menold's opinion. In view of the remand, which will require that a new decision be issued, it is appropriate to pretermit those remaining arguments.

It is, therefore, upon consideration

ORDERED:

That, pursuant to sentence four of 42 U.S.C. 405(g), the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED to the Commissioner for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 20th day of August, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE